IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 2, 2020 Session

**IN RE LAYTON W.**

**Appeal from the Circuit Court for Franklin County**
**No. 2018-CV-207    Justin C. Angel, Judge**
_____

**No. M2020-00197-COA-R3-PT**
_____

The trial court terminated a father's parental rights on the grounds of abandonment by failure to visit and abandonment by failure to support his child. The father stipulated to certain grounds for termination but appeals the trial court's conclusion that terminating his parental rights is in the best interests of the child. Because the trial court's findings as to the grounds for termination do not relate to the father's conduct during the relevant time period prescribed by statute and the trial court's final order fails to show that the trial court considered the best interests factors set forth in Tennessee Code Annotated section 36-1-113, we vacate the trial court's judgment and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated;**
**Case Remanded**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Michael D. Hall, Winchester, Tennessee, for the appellant, Corey W.

Bradley D. Sherman, Winchester, Tennessee, for the appellees, Brittany D. and Josh D.[1]

**OPINION**

Layton W. (the "Child") was born to Corey W. ("Father") and Brittany D. ("Mother") on May 20, 2015. Father and Mother were never married, and they separated after living together with the Child for a short time. In January 2016, Father filed a petition for joint custody of the Child in the Franklin County Juvenile Court (the "juvenile court"),

_____

[1] In cases involving minor children, it is this Court's policy to redact names in order to protect the children's identity.

alleging that his relationship with Mother had ended because she disliked having to include the Child's half-siblings in their family life. For several months, the parties operated under an agreed parenting plan order entered by the juvenile court, which allowed Father 144 days per year with the Child.[2] On or about November 17, 2017, Father engaged in a series of crimes in Moore County. That same date, Mother petitioned the juvenile court to suspend Father's visitation, and the juvenile court granted Mother temporary custody of the Child and suspended Father's visitation until further order. Father was subsequently sentenced to twelve years with the Tennessee Department of Correction after pleading guilty to three counts of felony theft.

On August 6, 2018, Mother and Josh D. ("Stepfather") (together, "Petitioners") filed a joint petition in the Franklin County Circuit Court (the "trial court") for termination of Father's parental rights and for Stepfather to adopt the Child.[3] As grounds for termination, Petitioners alleged that Father had abandoned the Child because of his lengthy prison sentence and his failure to make child support payments. From prison, Father timely filed a hand-written response opposing the petition. The trial court appointed a guardian ad litem for the Child and counsel for Father.

The trial court heard the case on July 16, 2019. Father attended the hearing in person[4] and stipulated to clear and convincing evidence of two grounds for termination of his parental rights: (1) abandonment based on his twelve-year conviction and (2) abandonment by wanton disregard based on his criminal history. Petitioners introduced into evidence the judgments from Moore County ordering Father to serve twelve years in confinement and judgments from other unrelated Franklin County cases as proof of Father's pervasive criminal history. Father affirmed before the trial court that he had understood, discussed with counsel, and agreed to the stipulation as to grounds for termination. The parties then presented witnesses as to the issue of whether terminating Father's parental rights was in the best interests of the Child. After closing arguments, the trial court took the matter under advisement.

On January 6, 2020, the trial court entered a four-page Final Order terminating Father's parental rights. The trial court found that Father had abandoned the Child by failing "to have any more than token visitation with the Child" and by failing to provide support for the Child for at least four months prior to the filing of the petition, constituting grounds to terminate Father's parental rights under Tennessee Code Annotated section 36-1-113. The trial court observed that Father had stipulated to these two grounds and to the ground of abandonment with wanton disregard due to his twelve-year prison sentence. The trial court concluded that there was clear and convincing proof of grounds for terminating

---

[2] Under the agreed parenting plan, Father had the Child every week from Wednesday at 5:00 p.m. to Saturday at 5:00 p.m.

[3] Mother and Stepfather had married three months earlier on May 5, 2018.

[4] Father was transported from the South Central Correctional Facility in Wayne County to the Franklin County Jail to attend the hearing.

Father's parental rights and that it was in the Child's best interests to terminate Father's parental rights, noting the care and support provided to the Child by Petitioners and their families. As to the best interests analysis, the trial court stated only that it had "evaluated, weighed, and applied all of the factors set forth in **TCA: 36-6-106**, and ha[d] found that every single relevant factor favors the Mother and Stepfather."

The sole issue raised by Father in this appeal is whether the trial court erred in concluding that terminating his parental rights was in the best interests of the Child. Petitioners present no additional issues for review.

In order to terminate parental rights, a trial court must find by clear and convincing evidence that: (1) the statutory grounds for termination of parental and guardianship rights have been established, and (2) termination is in the best interests of the child. *See* Tenn. Code Ann. § 36-1-113(c). Although Father does not challenge the statutory grounds for termination relied upon by the trial court, this Court "must review the trial court's findings as to each ground for termination and as to whether termination is in the child's best interests, regardless of whether the parent challenges these findings on appeal." *In re Carrington H.*, 483 S.W.3d 507, 525–26 (Tenn. 2016). Father's stipulation to certain grounds for termination of his parental rights does not discharge this Court's obligation to review those grounds. "[A] trial court may not rely on such a stipulation because 'the party seeking termination of parental rights is not relieved of its statutory burden of proving by clear and convincing evidence both the ground for termination and that termination is in the child's best interest simply because a parent does not oppose the termination.'" *In re Dakota M.*, No. E2017-01855-COA-R3-PT, 2018 WL 3022682, at *5 (Tenn. Ct. App. June 18, 2018) (quoting *In re Brianna T.*, No. E2017-01130-COA-R3-PT, 2017 WL 6550852, at *3 (Tenn. Ct. App. Dec. 22, 2017). Moreover, whether a statutory ground for termination has been proven by clear and convincing evidence is a question of law, and "questions of law are not subject to stipulation by the parties of a lawsuit and . . . a stipulation purporting to state a proposition of law is a nullity." *Mast Advert. & Pub., Inc. v. Moyers*, 865 S.W.2d 900, 902 (Tenn. 1993). In addition to accepting Father's stipulations as to grounds for termination, the trial court heard proof put on by Petitioners relative to those grounds. We now review whether the proof presented constitutes clear and convincing evidence of each ground for termination listed in the trial court's Final Order.

### *Grounds for Termination*

Citing to Tennessee Code Annotated section 36-1-113, the trial court found that Father's parental rights could be terminated because Father had (1) "abandoned the Child and . . . failed to have any more than token visitation with the Child for at least four months prior to the filing of this Petition to Terminate Parental Rights" and (2) "failed to provide support for the Child for at least four months prior to the filing of this Petition to Terminate

Parental Rights."[5]

Section 36-1-113(g) lists abandonment, as defined in Tennessee Code Annotated section 36-1-102, as a ground for terminating parental rights. Tenn. Code Ann. § 36-1-113(g)(1) (2017). Section 36-1-102 provides that abandonment occurs, among other instances, when

> A parent or guardian is incarcerated at the time of the institution of an action or proceeding to declare a child to be an abandoned child, or the parent or guardian has been incarcerated during all or part of the four (4) months immediately preceding the institution of such action or proceeding, *and* either has willfully failed to visit or has willfully failed to support or has willfully failed to make reasonable payments toward the support of the child *for four (4) consecutive months immediately preceding such parent's or guardian's incarceration*, or the parent or guardian has engaged in conduct prior to incarceration that exhibits a wanton disregard for the welfare of the child [.]

*Id.* § 36-1-102(1)(A)(iv) (emphasis added).[6] Thus, the relevant four-month period for proving abandonment by a parent incarcerated at the time of the filing of a petition seeking termination of his or her parental rights is the "four (4) consecutive months immediately preceding such parent's or guardian's incarceration." *Id.*; *see also In re Navada N.*, 498 S.W.3d 579, 599 (Tenn. Ct. App. 2016); *In re Audrey S.*, 182 S.W.3d 838, 865–66 (Tenn. Ct. App. 2005).

Here, there is no dispute that Father was incarcerated beginning in November 2017 and during the entire four-month period preceding the filing of the petition to terminate his parental rights. The relevant period for proving Father's abandonment is, therefore, the four months preceding his arrest in November 2017. The trial court's findings with respect to abandonment by failure to visit and by failure to provide support to the Child are specific to "at least four months prior to the filing of this Petition to Terminate Parental Rights." The trial court's order states no findings with respect to abandonment during the relevant period—the four months preceding Father's incarceration in November 2017. Moreover, we note that in their petition, Petitioners alleged only that Father "completely abandoned his child *as he is currently incarcerated for a time to be served of at least eight years*" and "is in arrearage of child support payments . . . and provides no financial and/or emotional

---

[5] The trial court's order mentions that "Father stipulated . . . that the Father abandoned the child with wanton disregard due to his 12 year prison sentence and extensive criminal history," but does not conclude that Father's parental rights could be terminated on this ground. As we have stated, the parties may not stipulate—and the trial court may not rely solely on a stipulation—that a ground for termination has been proven. *In re Dakota M.*, 2018 WL 3022682, at *5.

[6] This the text of the version of the statute applicable at the time the petition for terminating Father's parental rights was filed. The statute has been subsequently amended.

support for the child." (Emphasis added). Petitioners made no allegations concerning Father's conduct during the four months preceding his incarceration. Because the trial court's findings as to grounds for termination of Father's parental rights did not relate to Father's conduct during the relevant four-month period prescribed by statute, we vacate the trial court's determination as to these grounds and remand the case to the trial court with instructions to address the relevant time period as applicable to the facts here.

### *Best Interests of the Child*

Father argues in this appeal that the trial court erred in failing to provide any analysis and to mention any specific proof presented at the termination hearing with respect to the Child's best interests. Father also contends that terminating his parental rights will sever the Child's family relationships on the paternal side and that this case does not present a situation where Father has never successfully performed parenting functions.

In parental termination cases, a trial court's final order must state specific findings of fact and conclusions of law. Tenn. Code Ann. § 36-1-113(k); *In re Angela E.*, 303 S.W.3d 240, 255 (Tenn. 2010) (holding that this statute "clearly and unequivocally requires the trial court to make the statutorily required findings and conclusions"). This Court "has routinely remanded contested termination cases to the trial court for failure to make findings of fact and/or conclusions of law, whether related to the grounds for termination or the child's best interests." *Id.* at 251; *see also In re B.B.*, No. M2016-00953-COA-R3-PT, 2017 WL 782721, at *5 (Tenn. Ct. App. Feb. 28, 2017) ("[T]he requirements of Tenn. Code Ann. § 36-1-113(k) also apply to the best interest determination."). The legislature has codified the factors to be considered to determine a child's best interests in termination cases under Tennessee Code Annotated section 36-1-113(i). *In re Marr*, 194 S.W.3d 490, 499 (Tenn. Ct. App. 2005). The legislature has also codified "different sets of factors to guide the courts' consideration of the child's best interests in other contexts." *Id.* at 499 n.18 (citing Tenn. Code Ann. §§ 36-6-106(a) for divorce proceedings, -108(c) for parental relocation, -307 for grandparent visitation, and -404(b) for parenting plans).

The trial court's order does not reflect that the trial court considered the appropriate best interests factors for termination of parental rights set forth in section 36-1-113(i). Rather, the order provides, in relevant part:

> 3. Based upon all the proof in the record, provided at the hearing, and the stipulation of Counsel as to the grounds, the Court finds by clear and convincing evidence that it is in the Child's best interest to terminate the Father's parental rights and grant the adoption in favor of the [Petitioners].

> 4. The Court has evaluated, weighed, and applied all of the factors set forth in **TCA: 36-6-106**, and has found that every single relevant factor favors the [Petitioners].

The trial court was clear in stating that it considered all the factors listed under Tennessee Code Annotated section 36-6-106. Section 36-6-106 addresses factors that a trial court must consider "[i]n a suit for annulment, divorce, separate maintenance, or in any other proceeding requiring the court to make a *custody* determination regarding a minor child." *Id.* § 36-6-106(a) (emphasis added); *see also In re Marr*, 194 S.W.3d at 499 n.18. Although the determination a trial court makes under section 36-6-106 also hinges "upon the best interest of the child," the best interests factors the trial court must consider in a *termination* proceeding are set forth in section 36-1-113(i). Because the trial court's conclusions as to the Child's best interests do not satisfy the analysis mandated by statute, we vacate those conclusions and remand the case to the trial court with instructions to address the pertinent best interests factors as they apply to the facts of this case.

## CONCLUSION

The judgment of the Franklin County Circuit Court is hereby vacated and remanded. Costs of this appeal shall be taxed to the Appellees, Brittany D. and Josh D., for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE